**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

**In re:**
  **Jessica Stiller Dunkley**          **Chapter 13**

  **Debtor(s).**              **Case No. 15-61063**

## AMENDED CHAPTER 13 PLAN COVER SHEET AND NOTICE OF HEARING

The attached plan is an amended plan that replaces the ☒ confirmed or ☐ unconfirmed plan dated December 3, 2015.

The Court shall hold a hearing on confirmation of the attached plan and any timely filed objections on **Wednesday, September 12, 2018, at 10:00 am, at U.S. Courthouse, 3rd Floor, 700 Main St., Danville, VA 24541.**

The following describes the section(s) of the plan being amended, the change in treatment, the affected creditor(s), and the impact of the change:

| **Section of Plan** | **Change in Treatment** | **Creditor** | **Impact of Change** |
| --- | --- | --- | --- |
| 2.1 | Suspends plan payments through Aug. 2018 and forgives missed payments due to job loss. Extends plan to 60 months form date of confirmation. | All | Impacts distribution |
| 2.4 | Adjusts funding based on above | All | Adjusts funding |
| 2.5 | Adjusts funding based on above | All | Adjusts funding |
| 4.2 | Adjusts trustee commission based on above | All | None |
| 4.3 | Adds post-petition fees. | All | Impacts distribution slightly |
| 5.1 | Clarifies liquidation and funds paid to date toward liquidation | All | Clarifies liquidation and funds paid to date toward liquidation |

Note: No *new* motions for valuation, surrender, motions to approve/reject executory contract, or motions to avoid liens are contained in this amended plan.

                                               /s/Malissa L. Giles
                                               Counsel for Debtor(s)

Malissa Lambert Giles
Giles & Lambert, PC
P.O. Box 2780
Roanoke VA 24001
540-981-9000
mgiles@gileslambert.com

## CERTIFICATION OF MAILING AND/OR SERVICE OF CHAPTER 13 PLAN

     I certify that a true and correct copy of the Amended Plan Cover Sheet and the Amended Chapter 13 plan dated July 18 2018 filed electronically with the Court on **July 18, 2018**, has been mailed by electronic mail to the address on file with the BNC or used in the filed proof of claim on July 18, 2018, or mailed by first class mail postage prepaid to other creditors, equity security holders, and other parties in interest, including the United States Trustee, on **July 18, 2018** unless those parties are served automatically via CM/ECF.

                                               /s/ Malissa L. Giles
                                               Counsel for Debtor(s)

Malissa Lambert Giles
Giles & Lambert, PC
P.O. Box 2780
Roanoke VA 24001
540-981-9000
mgiles@gileslambert.com

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Jessica Stiller Dunkley** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | **WESTERN DISTRICT OF VIRGINIA** | | |
| Case number: | **15-61063** | | |
| (If known) | | | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
2.1, 2.4, 2.5, 4.2, 4.3, 5.1

Official Form 113
# Chapter 13 Plan                                                                                                    12/17

### Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$224** per **Month** for **26** months starting in Sept. 2018. The Debtor has lost her job and is currently seeking new employment. Payments through Aug. 2018 are suspended.  This plan is 60 months from the date of confirmation.

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
  *Check one.*
  ☑ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Jessica Stiller Dunkley** | Case number | **15-61063** |
|---|---|---|---|

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☐ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

$17,615.10 paid to date

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**23,439.10**.

## Part 3: Treatment of Secured Claims

**3.1** **Maintenance of payments and cure of default, if any.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Valleystar Credit Union** | **Loan secured by vehicle in husband's name** | **$150.00** <br> Disbursed by: <br> ☐ Trustee <br> ☑ Debtor(s) | Prepetition: **$0.00** | **0.00%** | **$0.00** | **$0.00** |

*Insert additional claims as needed.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

| Debtor | **Jessica Stiller Dunkley** | Case number | **15-61063** |
|---|---|---|---|

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **Henry County Treasurer** | **$194.00** | 1. Interest in 4 Acres of Land | **$17,200.00** | **$0.00** | **$194.00** | **7.00%** | **None as no claim filed** | **None as no claim filed** |
| **Springleaf** | **3,721.66** | **Computer** | **$300.00 per poc** | **$0.00** | **$300.00 per poc** | **7.00%** | **$5.66** | **$339.60 on secured portion of debt** |

*Insert additional claims as needed.*

**3.3   Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

*Insert additional claims as needed.*

**3.4   Lien avoidance.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5   Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **One Main Financial** | **2008 Kia Optima LX** <br> **160,000 miles** |

*Insert additional claims as needed.*

Official Form 113 **Chapter 13 Plan** Page 3

| Debtor | **Jessica Stiller Dunkley** | Case number | **15-61063** |
|---|---|---|---|

### Part 4: Treatment of Fees and Priority Claims

**4.1 General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**2,343.00**.

**4.3 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**400.00 for the amended plan dated 7/18/18 and the Response to Trustee Certification (tandem representation).**

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☐ The sum of $ .
☑ **5** % of the total amount of these claims, an estimated payment of $ **4,842.00 to remaining unsecured creditors** .
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $7,000.00* of the unsecured claims. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**\*Note: The unsecured portion of the claim 1 for Springleaf (which indicated its secured value was $300 and unsecured amount was $3,421.66 has been paid app. $2,665.00 which should count toward liquidation.**

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

| Debtor | **Jessica Stiller Dunkley** | Case number | **15-61063** |
|---|---|---|---|

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1    Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☑ plan confirmation.
☐ entry of discharge.
☐ other: _____

### Part 8: Nonstandard Plan Provisions

**8.1    Check "None" or List Nonstandard Plan Provisions**
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

**A. ATTORNEYS FEES**
**Attorneys Fees noted in Provision 4.3 shall be approved on the confirmation date unless previously objected to. Attorneys fees shall be paid ahead of all other claims except adequate protection payments, conduit mortgage payments, or any allowed claims arising under 11 USC sec. 507(a)(1) (which claim shall be paid concurrently with legal fees), if any, which shall be treated in accordance with the notice in Paragraph 3.C.**

**B. AUTO DRAFT OF ANY DIRECT PAYMENTS BY DEBTOR AND POST-PETITION STATEMENTS**
**1.**
**Any bank or financial institution or lender to which the debtor has previously consented to auto draft payments from his or her bank account, is expressly authorized to keep such auto-draft in place and to deduct post-petition payments from the debtor's bank account.  Such a deduction will not be viewed as a violation of the automatic stay. The automatic stay is modified to permit the noteholder or servicing agent on any secured debts being paid by the debtors to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.**

**C. TREATMENT AND PAYMENT OF CLAIMS.**
1. **All creditors must timely file a proof of claim to receive payment from the Trustee.**
2. **If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.**
3. **If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.**
4. **The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.**

### Part 9: Signature(s):

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.*

| X | **/s/ No signature necessary** | X | |
|---|---|---|---|
| | **Jessica Stiller Dunkley** | | Signature of Debtor 2 |
| | Signature of Debtor 1 | | |
| | Executed on _____ | | Executed on _____ |

| X | **/s/ Malissa Giles** | Date | **July 18, 2018** |
|---|---|---|---|
| | **Malissa Giles; Tracy Giles;** | | |
| | Signature of Attorney for Debtor(s) | | |

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **Jessica Stiller Dunkley** | Case number | **15-61063** |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$0.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$195.13** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$323.64** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$6,093.94** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$16,826.35** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)*   + | **$0.00** |
| | **Total of lines a through j** | **$23,439.06** |